IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL ACTION NO.: _____

DONALD SMITH,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation,

      Defendant.
_____/

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Donald Smith (hereinafter "Plaintiff"), through undersigned counsel, files suit against Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation (hereinafter "Defendant"), alleging upon information and belief as follows:

1.    This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on Admiralty jurisdiction conferred by 28 USC § 1333.

2.    At all times material hereto, Plaintiff was and is a citizen of Winter Garden, Florida.

3.    At all times material hereto, Defendant was and is a for-profit, foreign corporation, which is based in and/or with agents in Miami, Florida, and is authorized to conduct and

is conducting business in the State of Florida. Defendant has consented to jurisdiction and venue in this Court. Defendant requires in the contract of carriage that all cases filed by passengers be filed in this jurisdiction.

4. At all times material hereto, Defendant transported fare-paying passengers on cruises aboard the vessel M/S LIBERTY OF THE SEAS and other vessels.

5. At all times material hereto, Defendant owned, operated, managed and/or controlled the M/S LIBERTY OF THE SEAS.

6. At all material times hereto, Plaintiff was a fare paying passenger aboard the M/S LIBERTY OF THE SEAS for the purpose of enjoying a vacation cruise.

7. At all material times hereto, Defendant owed a duty to Plaintiff of using reasonable care under the circumstances in maintaining the premises of the M/S LIBERTY OF THE SEAS in a reasonably safe condition and operating the vessel in a reasonably safe manner.

8. Defendant owns and operates over 25 cruise ships, including the M/S LIBERTY OF THE SEAS, under two brand names, Royal Caribbean International or Celebrity Cruises.

9. At all times material hereto, Defendant owed a duty to Plaintiff of using reasonable care in maintaining the ship, including the pools of the M/S LIBERTY OF THE SEAS, in a reasonably safe condition and operating the vessel in a reasonably safe manner. Defendant owed a higher duty of care when passengers such as Plaintiff encountered hazards not typically encountered ashore. These duties existed as a matter of law and were implied in Plaintiff's contract of carriage with Defendant.

10. On or about February 27, 2012 Plaintiff was swimming in one of the swimming pools on the M/S LIBERTY OF THE SEAS when he struck his head on a wall of the pool. At the time that Plaintiff was swimming in the pool, the water was cloudy, and there were no markings on either the bottom of the pool or the side of the pool which would indicate where the pool ended. Plaintiff experienced significant neck injuries which resulted in a cervical fusion. The accident occurred due to the unsafe design and condition of the pool, and Defendant's negligent failure to correct the dangerous condition and/or warn the Plaintiff of the aforementioned conditions.

11. On or about February 27, 2012, Defendant was aware of prior injuries and complaints that occurred on the M/S LIBERTY OF THE SEAS and its other cruise ships as a result of cloudy water and/or improper markings of the pool.

12. On or about February 27, 2012, Defendant breached a duty owed to Plaintiff by committing one or more of the following acts and/or was negligent in the operation, maintenance, or control of the MS/LIBERTY OF THE SEAS in the following respects:

    a. Failing to properly clean the pool to ensure water clarity;

    b. Failing to provide adequate color contrast between the bottom and sides of the pool to advise swimmers of the location of the walls of the pool;

    c. Failing to provide markings on the bottom of the pool;

    d. Failing to provide markings on the sides of the pool;

    e. Failing to properly maintain the pool which would permit swimmers to perceive the bottoms and sides of the pool in the swimming area;

f.   Failing to prohibit swimming in the pools with cloudy water that obscured the bottom and the sides of the pool thus, misleading swimmers as to the location of the sides of the pools;

g.   Failing to exercise reasonable care for the safety of its passengers in properly maintaining the pool;

h.   Failing to provide a pool reasonably designed for the safety of its passengers;

i.   Failing to use the proper chemicals or proper amount of chemicals to maintain the pool for use by the passengers;

j.   Failing to properly inspect the pool prior to allowing swimmers to swim in the pool;

k.   Failing to properly test and/or repair the pool prior to allowing swimmers to use the pool;

l.   Failing to warn passengers of the dangerous conditions which existed when passengers used the pool;

m.   Allowing a dangerous condition to exists notwithstanding prior incidents involving similar accidents aboard the M/S LIBERTY OF THE SEAS and other vessels in its fleet of cruise ships;

n.   Failing to adequately investigate prior incidents involving similar circumstances on the M/S LIBERTY OF THE SEAS and other vessels in its fleet of cruise ships;

o.   Failing to post adequate warnings to passengers of the dangerous and unsafe condition on the M/S LIBERTY OF THE SEAS and other vessels in its fleet of cruise ships;

p.   Failing to assist Plaintiff or to provide adequate safety and care for the passengers on the cruise ship;

q.   Other acts of fault and negligence which will be proven at trial of this matter.

13. Defendant's negligence, as described above, caused the injuries Plaintiff complains of in this lawsuit.

14. As a direct and proximate result of the negligence of the Defendant, Donald Smith suffered bodily injury and resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment, loss of earnings, and loss of the ability to earn money in the future. These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

## REQUEST FOR JURY TRIAL

Plaintiff is entitled to and requests a trial by jury against Defendant on all issues so triable as a matter of right.

WHEREFORE, Plaintiff prays that his complaint for damages be deemed good and sufficient and that judgment be entered in his favor and against Defendant, for damages, costs, interest, pre-judgment interest, and attorney fees, and for all such other relief to which plaintiff may be entitled by virtue of these proceedings, including trial by jury.

Dated this 27th day of February, 2013.

GAEBE, MULLEN, ANTONELLI & DIMATTEO
**ATTORNEYS FOR PLAINTIFF**
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
Telephone: (305) 667-0223
Facsimile: (305) 284-9844

By: _____
James S. Robertson, III, Esq. - FBN: 299881
E-mail: jrobertson@gaebemullen.com