UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20697-Civ-COOKE/TORRES

DONALD SMITH,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## OMNIBUS ORDER

THIS MATTER is before me upon Plaintiff's Objection to the Magistrate's Order (ECF No. 72), Defendant's Motion for Judicial Notice and Incorporated Memorandum of Law (ECF No. 74), and Plaintiff's Motion for Reconsideration (ECF No. 77). Defendant filed its Response in Opposition to Plaintiff's Objection to Magistrate's Order (ECF No. 73) and its Response in Opposition to Plaintiff's Motion for Reconsideration (ECF No. 81). Plaintiff submitted his Reply in Opposition to Defendant's Response in Opposition to Plaintiff's Objection to the Magistrate's Order (ECF No. 78) and his Reply in Further Support of His Motion For Reconsideration (ECF No. 84). Plaintiff also filed his Response in Opposition to the Defendant's Motion for Judicial Notice (ECF No. 80), to which Defendant submitted its Reply in Support of Motion for Judicial Notice (ECF No. 82). Therefore, Plaintiff's Objection to the Magistrate's Order, Defendant's Motion for Judicial Notice and Incorporated Memorandum, and Plaintiff's Motion for Reconsideration are fully briefed and ripe for adjudication.

I have reviewed Plaintiff's Objection to the Magistrate's Order, Defendant's Motion for Judicial Notice and Incorporated Memorandum, and Plaintiff's Motion for Reconsideration, the responses and replies thereto, and the relevant legal authorities. For the reasons provided herein, Plaintiff's Objection to the Magistrate's Order is overruled, Defendant's Motion for Judicial Notice and Incorporated Memorandum is granted, and Plaintiff's Motion for Reconsideration is denied.

1

## I. PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S ORDER[1]

With regard to a district court's review of a magistrate judge's order, a district court may "reconsider any pretrial matter…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. Proc. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). Here, the Plaintiff has not established that the Order of the Magistrate Judge was clearly erroneous or contrary to the law. Accordingly, Plaintiff's Objection to the Magistrate's Order is OVERRULED.

## II. DEFENDANT'S MOTION FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b)(2) provides that a court may take judicial notice of a "fact…not subject to reasonable dispute in that it is…(2) capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned." The records of prior proceedings of other courts are encompassed within the scope of Rule 201. *See Cunningham v. Dist. Att'ys Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (taking judicial notice of prior state and federal court proceedings in which the prisoner was convicted or attacked his conviction). Therefore, Defendant's Motion for Judicial Notice is GRANTED.

## III. PLAINTIFF'S MOTION FOR RECONSIDERATION

### Legal Standard

Federal Rule of Civil Procedure 59(e) permits the amendment or alteration of a judgment if a motion requesting same is filed within 28 days after the entry of judgment at issue. Fed. R. Civ. P. 59(e). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008). Rather, "[t]here are three grounds which justify the filing of a motion for reconsideration: '1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or

---

[1] The facts of this case are set forth in my May 13, 2014 Order Denying Defendant's Motion for Summary Judgment (ECF No. 42).

prevent manifest injustice.'" *City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2011 WL 1085327 (S.D. Fla. March 21, 2011) (quoting *Williams v. Cruise Ships Catering & Service Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004)).

## Discussion

Plaintiff asserts that this Court incorrectly interpreted *Johnson v. Carnival Cruise Line*, Order on Defendant's Motion in Limine, ECF No. 151, Case No.: 07-20147-CIV-Ungaro, (S.D. Fla. 2001) in granting Defendant's Motion to Strike Plaintiff's Expert Thomas Ebro (ECF No. 30), and should thus reconsider its reasoning in order to correct clear error or prevent manifest injustice. Notwithstanding the applicability of the reasoning in *Johnson* to the case at hand, Plaintiff remains precluded from presenting the testimony of his expert witness Thomas Ebro because Mr. Ebro's expert report and opinions fail to meet the standard for the admissibility of expert witness testimony at trial.

In order to determine the admissibility of scientific expert testimony, the Supreme Court has instructed trial courts to "determine at the outset…whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue," which includes "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and or whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). In *Kumho Tire*, the Supreme Court subsequently held this standard to be applicable to all expert testimony, holding that "*Daubert's* general holding—setting forth the trial judge's general 'gatekeeping' obligation—applied not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

The Eleventh Circuit Court of Appeals established a three-part test to determine whether expert testimony should be admitted under *Daubert*. Under this test, a district court must consider whether: (1) the expert is qualified to testify competently as to the subject matter he intends to address; (2) the method employed by the expert is sufficiently reliable; and (3) the testimony assists the trier of fact to comprehend the evidence through the application of the witness's expertise. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois U.K. Ltd.*, 326 F. 3d 1333, 1340-41 (11th Cir. 2003). "The burden of laying the proper foundation for the

admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999).

"While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status." *United States v. Frazier*, 387 F.3d 1244, 1260-61 (11th Cir. 2004).  Indeed, Rule 702 of the Federal Rules of Evidence makes clear that expert status may be based on "knowledge, skill, experience, training or education."

Once a court has deemed a particular expert to be qualified, the inquiry turns to the process used by the witness in forming his expert opinion, which must be sufficiently reliable under *Daubert* and its progeny.  *Quiet Tech.*, 326 F.3d at 1342.  In assessing the reliability of scientific opinion or non-scientific, experience-based testimony, a court must consider:  "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *Frazier*, 387 F.3d at 1262.  "[I]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.  The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'"  *Id.* at 1261 (quoting Fed. R. Evid. 702 advisory committee note (2000)) (internal quotations omitted)).

Finally, a court may exclude expert testimony if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury.  *Id.* at 1263; *see also* Fed. R. Evid. 403.  Because "expert testimony may be assigned talismanic significance in the eyes of lay jurors," a court "must take care to weigh the value of such evidence against its potential to mislead or confuse." *Id.*

Under the first prong of the three-part test laid out in *Quiet Tech.*, a Court must decide whether a proposed witness is qualified to testify as an expert regarding the matters he intends to address.  In its Motion, Defendant does not contest Mr. Ebro's qualification as an expert in aquatic safety.  In light of this fact and Mr. Ebro's education and experience, this Court finds that Mr. Ebro is qualified as an expert regarding aquatic safety.  However, the

inquiry does not stop there. Even if a witness is qualified as an expert regarding a particular issue, the process used by the witness in forming his expert opinion must be sufficiently reliable under the second prong of the test laid out in *Quiet Tech*. According to the Plaintiff, Mr. Ebro boarded the Defendant's Liberty of the Seas ship as a passenger in order to observe firsthand whether the ship was in compliance with industry standards regarding information conveyance and preventative supervision. (Pl.'s Resp. 6.) Mr. Ebro was prepared to testify that Mr. Smith's accident would have been prevented had the ship adhered to these industry standards. (Pl.'s Resp. 6.)

However, while Plaintiff generally expounds on Mr. Ebro's qualifications, his observations while aboard the Liberty of the Seas, and the reasonableness of his conclusions, Plaintiff fails to elucidate Mr. Ebro's methodology. Plaintiff touches upon the question of methodology in his statement that "Thomas Ebro's methodology included the review of photographs, a review of testimony, affidavits, and a videotape supporting the Plaintiff's account of the lack of supervision of the pool." (Pl.'s Resp. 6-7.) However, asserting that Mr. Ebro reviewed materials and concluded that his observations matched up with those asserted by the Plaintiff does not establish a methodology. Plaintiff fails to identify any identifiable technique that Mr. Ebro utilized in reaching his conclusions.

In fact, Defendant points out that when questioned about his methodology with regard to how he formulated his opinion that the water clarity was lacking on the date of the alleged incident, Mr. Ebro admitted that he "did not use a methodology other than to use my eyes in reading the Plaintiff's deposition wherein he claimed the pool was dirty." *See* Ebro Dep. 63:15-23. The above is just one example of many where Mr. Ebro relied on statements of the Plaintiff and his own beliefs and opinions regarding aquatic safety in formulating his expert report. However, gleaning information from the Plaintiff's affidavit and then surveying the scene of the alleged incident under a lens awash with personal opinions, while also keeping in mind industry standards, does not constitute a methodology that can be tested or subjected to peer review and publication. In order to be admissible, an expert's testimony must be based on "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. A mere parroting of the facts as Plaintiff presents will in no way assist the jury in understanding the facts of this case.

The law is clear regarding the standard for granting a Motion for Reconsideration under Rule 59(e). Plaintiff presents no intervening change in controlling law, no new evidence, and no clear error or manifest injustice that needs to be corrected. *Scott*, 2011 WL 1085327 at *1. Hence, Plaintiff's Motion for Reconsideration is DENIED.

## IV. CONCLUSION

For the aforementioned reasons, I hereby **ORDER and ADJUDGE** that Plaintiff's Objection to the Magistrate's Order (ECF No. 72) is **OVERRULED**, Defendant's Motion for Judicial Notice and Incorporated Memorandum (ECF No. 74) is **GRANTED**, and Plaintiff's Motion for Reconsideration (ECF No. 77) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 10th day of December 2014.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

6