UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-CV-20697-COOKE/Torres

DONALD SMITH,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## MOTION FOR RECONSIDERATION OF ORDER
## DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCL"), by and through undersigned counsel, and pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, hereby files its Motion for Reconsideration of this Court's Order Denying Summary Judgment, and states:

### INTRODUCTION

    Plaintiff, Donald Smith, was a passenger on Defendant, Royal Caribbean Cruises' cruise ship, *Liberty of the Seas,* and claims that he sustained injures in a pool on the ship. RCL moved for summary judgment (DE 13), which this Court denied. (DE 42). Thereafter, this Court granted RCL's Motion to Strike Plaintiff's expert Thomas Ebro (DE 67) and recently denied Plaintiff's related Motion for Reconsideration (DE 85). Similarly, the Court granted portions of Carnival's Motions in *Limine* (DE 65) precluding presentation of evidence regarding negligent design. As many of Plaintiff's arguments are now excluded from trial, RCL asserts reconsideration of the Order denying summary judgment is warranted. This Court should reconsider its prior Order and grant summary judgment in favor of RCL.

**RELEVANT FACTS**

1. RCL filed its Motion for Summary Judgment asserting *inter alia* that it was not liable for negligence because there was no evidence that the pool on the vessel was unreasonably safe, there is no evidence that RCL had the requisite notice of a dangerous condition, there is no evidence RCL failed to warn Plaintiff, the alleged danger is an open and obvious condition, RCL met all the applicable standards for recreational pools, and RCL was not liable for any negligence in the design of the pool. *See* DE 13.

2. To support its Motion, RCL cited undisputed facts from the deposition testimony of Plaintiff. *See* DE 13, ¶¶ 1-9. RCL also cited the affidavit of Carnival employee Miguel Hernandez, *id.* at ¶ 2, and the affidavit of RCL's liability expert Wallace James. *Id.* at ¶¶ 10-12.

3. Plaintiff filed his Response in Opposition (DE 18) to RCL's Motion for Summary Judgment asserting disputed facts exist citing only that Plaintiff did not recall seeing any warning or pool rules signs, DE 18, p. 2, ¶ 2; a mischaracterization of RCL's expert's opinions regarding pool maintenance procedure without citation to any record evidence; *id.* at p. 2, ¶ 11, and a further critique of RCL's expert's statement with citation to <u>irrelevant and inadmissible</u> warning signs. *Id.* at pp. 2-3, ¶ 12. Plaintiff then set forth his own version of undisputed facts based largely on Plaintiff's expert Tom Ebro's opinions. *See* DE 18, p. 3, ¶¶ 2-6, 8.

4. This Court entered an Order denying RCL's Motion for Summary Judgment (DE 42) holding that (i) RCL's arguments were predicated on compliance with regulatory standards for pool safety and maintenance, which is not evidence of due care; and, (ii) negligence is a question of fact and "taking the evidence in light most favorable to Plaintiff, he has put forth sufficient evidence to raise a genuine issue of material fact as to whether Defendant breached its duty of ordinary reasonable care to him, making summary judgment inappropriate on the this record." *See* DE 42, p. 4.  No other arguments or issues were addressed in the Court's Order.

5. Thereafter, this Court entered an Order striking Plaintiff's expert Tom Ebro and precluded his opinions from presentation at trial because they were unreliable. DE 67. Recently, on December 10, 2014, this Court denied Plaintiff's Motion for Reconsideration of the same order. DE 85.

6. Additionally, this Court also granted RCL's Motion *in Limine* precluding presentation of evidence at trial on Plaintiff's negligent design theory. *See* DE 65, p. 3-4.

## MEMORANDUM OF LAW

### I. Standard for Reconsideration

A Court may reconsider a prior ruling when (1) there is an intervening change in controlling law; (2) new evidence is available; and (3) there is a need to correct clear error or manifest justice. *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 2014 U.S. Dist. LEXIS 82342, 7-8 (S.D. Fla. 2014). A motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 2014 U.S. Dist. LEXIS 82342, 7-9 (S.D. Fla. 2014), citing *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

It is well settled that a district court with jurisdiction over a case has inherent authority to reconsider, rescind, or modify any interlocutory order entered in the case, such as an order denying summary judgment. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) ("[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."); *Bon Air Hotel, Inc.*

*v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (because denial of summary judgment motion was interlocutory, the court at any time before final decree [could] modify or rescind it); *TQP Dev., LLC v. Intuit Inc.,* 2014 U.S. Dist. LEXIS 99977, 14-15 (E.D. Tex. July 23, 2014).

> II. **This Court overlooked the adequacy of Plaintiff's expert in ruling on summary judgment**

<u>The record evidence before the Court has changed and summary judgment is now appropriate.</u> Plaintiff's expert Tom Ebro has been stricken. Because this Court found Ebro's testimony unreliable, it should not have considered it on summary judgment. The facts upon which this Court relied to deny summary judgment do not exist and a material change in the evidence warrants reconsideration. Indeed, case law dictates that a Court should conduct a *Daubert* analysis when deciding what evidence is to be considered on summary judgment if expert testimony is relied upon.

The principles governing admissibility of evidence do not change on a motion for summary judgment. *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-67 (2d Cir. 1997). Rule 56(e) (*revised as* Rule 56(c)(4)) provides that affidavits in support of and against summary judgment "shall set forth such facts as would be *admissible in evidence*." Fed. R. Civ. P. 56(c)(4), (emphasis added); *see also Community of Roquefort v. William Faehndrich, Inc.*, 303 F.2d 494, 498 (2d Cir. 1962) ("Since the object [of summary judgment] is to discover whether one side has no real support for its version of the facts, the Rule specifically states that affidavits shall 'set forth such facts as would be admissible in evidence.'") (citation omitted). Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988); *see also United States v. United States Gypsum Co.*, 340 U.S. 76, 85, 95 L. Ed. 89, 71 S. Ct. 160 (1950) (right to present evidence to a court on summary judgment does not require the court to admit irrelevant evidence); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 175-76 (5th Cir. 1990) ("As a general rule,

the admissibility of evidence on a motion for summary judgment is subject to the same rules that govern the admissibility of evidence at trial."); *Raskin, supra.*

Because the purpose of summary judgment is to weed out cases in which "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), it is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment. *See Raskin, supra.* Although disputes as to the validity of the underlying data go to the weight of the evidence, and are for the fact-finder to resolve, *see McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995), questions of admissibility are properly resolved by the court. *See, e.g., Spring*, 99 U.S. at 658 (jury decides the weight of the evidence once the court has admitted the evidence); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988) (on summary judgment motion, district court has "broad discretion" to rule on admissibility of expert evidence). The resolution of evidentiary questions on summary judgment conserves the resources of the parties, the court, and the jury. *See Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) (The "salutary purposes of summary judgment--avoiding protracted, expensive and harassing trials--apply no less to discrimination cases than to commercial or other areas of litigation."); *Raskin, supra.*

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 592-93, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993), the district court functions as the gatekeeper for expert testimony. *See McCullock*, 61 F.3d at 1042-43; *In re Air Disaster*, 37 F.3d at 824 (citing Fed. R. Evid. 702). The court performs the same role at the summary judgment phase as at trial; an expert's report is not a talisman against summary judgment. *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (although the Federal Rules of Evidence "expanded the acceptable bases for expert opinion[,] . . . this expansion does not extend to make summary judgment impossible whenever a party has produced an expert to support its position") (quoting *Merit Motors, Inc. v. Chrysler Corp.*, 187 U.S. App. D.C. 11, 569 F.2d 666, 673 (D.C. Cir. 1977) (internal quotation marks omitted)); *Raskin, supra.*

The facts set forth by Plaintiff in his Undisputed Facts section generally state that the pool rules were lacking proper warning signs, Plaintiff's accident was a preventable accident, RCL failed to have lifeguards or proper warnings, RCL was required to have adequate supervision, the warning signs were inadequate as they failed to explain the risk of swimming underwater, and warning signs are available to warn of the risk Plaintiff encountered. *See* DE 18, p. 3, ¶¶ 2-6, 8. These facts were entirely supported by citation to Plaintiff's expert Tom Ebro. *Id.* As Mr. Ebro has been stricken, these facts are not supported by admissible evidence and cannot be considered on summary judgment.

Now, there is <u>no evidence</u>, disputed or otherwise, that the RCL pool rules lacked proper warning signs, Plaintiff's accident was preventable, that RCL should have had lifeguards or supervision or proper warnings. The landscape of the facts considered on summary judgment is entirely different and reconsideration of summary judgment is warranted. *See also, Hornung v. Weyerhaeuser, Inc.*, 2007 WL 33149411, *1 (D.N.J. 2007) (initially denied summary judgment in light of incomplete discovery, but granted the motion for reconsideration when the defendant asserted that the court overlooked language in a consent order indicating that "additional discovery is not required); *U.S. v. Joseph*, 2011 WL 1152803, *1 (S.D. Tex. 2011) (holding decision to deny summary judgment where it was inconclusive as to whether the promissory note was signed by the defendant should be reconsidered when plaintiff subsequently obtained a promissory note with the defendant's legible signature); *Sosebee v. Graves*, 2009 WL 368369, *1 (E.D. Ten. 2009) (holding where defendant failed to attach medical records to his affidavit in support of his motion for summary judgment, which was denied, but subsequently filed such records as an attachment, his motion to reconsider was granted).

### III.     Reconsideration is warranted to prevent manifest injustice.

Reconsideration of a summary judgment denial is appropriate to correct manifest errors of law or fact. *See* Fed. R. Civ. Pr. 60(b); *Herman v. Hartford Life & Accident Ins. Co.*, 508 Fed. Appx. 923, 927 (11th Cir. 2013); *Jetpay, LLC v. Fingerer*, 2012 U.S. Dist. LEXIS 57037, 5 (S.D. Fla. 2012); *Burger*

*King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

Here, reconsideration is warranted to correct manifest errors of law and fact and to prevent manifest injustice. This Court's Order misapprehended RCL's arguments; the Court stated "RCCL predicates its arguments that it was not negligent on RCCL's compliance with standards for pool safety and maintenance." DE 42, p. 4. While <u>one ground</u> for summary judgment was predicated on compliance with safety standards, by no means were all of RCL's arguments predicated on said compliance. Indeed, RCL asserted <u>five other grounds for summary judgment</u>: a) lack of notice, DE 13, p. 6-7; b) failure to warn, *id.* at p. 7-9; c) open and obvious doctrine, *id.* at p. 9; d) negligent design, *id.* at p. 10-12; and e) Plaintiff was the sole cause of his injuries, *id.* at p. 12.

In fact, RCL only dedicated two paragraphs of 12 pages to compliance with pool safety standards. *Id.* at p. 9-10. None of the other five grounds for summary judgment were addressed in the Court's Order. This Court misapprehended that compliance with pool safety standards was only a small part of the equation. And based on the Court's Order, it appears as if the Court misapprehended that the compliance issue was a prerequisite to the other arguments or that it was the only argument presented. In either case, a mistake of law and fact occurred and reconsideration is warranted under these circumstances.

A close reading of the allegations in the Complaint demonstrates that summary judgment is now appropriate because <u>there is no evidence to support any of Plaintiff's theories of liability</u>. The applicable standard of reasonable care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40 (S.D. Fla. 1986), *aff'd*, 808 F.2d 60 (11th Cir.

1986). For every theory of negligence asserted, there is no record evidence of notice. *See* DE 1, ¶¶ 10-12 (a-q).

There is no record evidence of any actual or constructive notice regarding the specific risk – the purportedly dangerous pool condition. First, there is no testimony or evidence supporting the existence of actual notice. <u>Plaintiff came forth with no facts or argument in its Response to rebut this fact.</u> *See* DE 18. Second, there is no evidence of constructive notice either. Aside from Plaintiff ignoring the issue in its Response, there is nothing in the record to demonstrate RCL knew about the alleged dangerous condition. Plaintiff conducted no discovery in this case and there is no evidence of prior substantially similar incidents. "Constructive notice requires that a defective condition exist for a sufficient interval of time to invite corrective measures." *Cohen v. Carnival Corp.,* 945 F. Supp. 2d 1351, 1355 (S.D. Fla. 2013) (citations omitted). Plaintiff has not established any of these prerequisites.

Mere implication of actual or constructive notice is insufficient to survive summary judgment. *Cohen,* citing *Adams v. Carnival Corp.,* No. 08-22465-CIV, 2009 U.S. Dist. LEXIS 122822, 2009 WL 4907547, at *5 (S.D. Fla. 2009) (finding that in order to survive summary judgment, "mere implication of notice" was insufficient and that the plaintiff needed to show "specific facts demonstrating, at least, that the purported defect was detectable with sufficient time to allow for corrective action"). Plaintiff failed to prove constructive notice because there are no specific facts demonstrating that the alleged dangerous pool conditions existed for a sufficient period of time for RCL to have had an opportunity to take corrective action. Summary judgment was appropriate on the issue of notice. *See Comer v. United States*, 2007 U.S. Dist. LEXIS 70010, 7-9, 2007 WL 2782367 (M.D. Ga. 2007) (granting summary judgment to defendant where plaintiff presented no evidence showing actual knowledge of how long dangerous condition had existed and evidence of constructive notice was "sheer speculation"); *Kribbs v. Wal-Mart Stores E., L.P.*, 2006 U.S. Dist. LEXIS 43453, 18-19, 2006 WL 1788969 (E.D. Va. June 27, 2006) (granting summary judgment where plaintiff's argument as to notice

was "plainly 'surmise, speculation, and conjecture' which cannot form the basis for establishing actual notice."). Because it appears that this Court misapprehended the facts and law, reconsideration is warranted.

Regarding the specific allegations of notice in the Complaint, there is no supporting record evidence either: "On or about February 27, 2012, Defendant was aware of prior injuries and complaints that occurred on the *M/S Liberty of the Seas* and its other cruise ships as a result of cloudy water and/or improper markings of the pool," DE 1, ¶ 11; "allowing a dangerous condition to exist notwithstanding prior incident involving similar accidents aboard the *M/S Liberty of the Seas* and other vessels in its fleet of cruise ships," *id.* at ¶ 12 (m); and, "failing to adequately investigate prior incidents involving similar circumstances on *M/S Liberty of the Seas* and other vessels in its fleet of cruise ships. *Id.* at ¶ 12 (n). Because there is no evidence supporting any of these allegations, summary judgment was proper.

Next, there is no admissible evidence that RCL failed to warn Plaintiff. A defendant has no duty to warn a plaintiff about dangers that are open and obvious. Therefore, to prevail on a negligence claim predicated on a defendant's failure to warn, a plaintiff must identify a specific risk (1) of which the defendant had notice or constructive notice, (2) that is not open and obvious, (3) about which the defendant failed to warn the plaintiff, and (4) that actually caused the plaintiff's injury. *Magazine v. Royal Caribbean Cruises, Ltd.*, 2014 U.S. Dist. LEXIS 41092, *13-14 (S.D. Fla. Mar. 27, 2014), citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

Without the benefit of Plaintiff's expert Tom Ebro, Plaintiff cannot support the allegations in the Complaint that RCL failed to warn[1] passengers of the dangerous conditions which existed when

---

[1] Plaintiff's assertion that he did not see the warning signs does not help his case. A plaintiff's failure to read a warning extinguishes proximate cause in a failure to warn claim. *See Pinchinat v. Graco Children's Products, Inc.*, 390 F. Supp.2d 1141 (M.D. Fla. 2005). Plaintiff never disputed the existence of the

passengers used the pool, DE 1, ¶12(l); and, failed to post adequate warnings to passengers of the dangerous and unsafe condition on the M/S Liberty of the Seas and other vessels in its fleet of cruise ships, *id* at ¶ 12(o).[2] At the same time, without Ebro, Plaintiff cannot put forth any evidence that lifeguards should have been present either. Plaintiff's theory that a trained lifeguard would have recognized that Plaintiff was attempting underwater laps and stopped him is the type of speculation impermissible by a lay witness. *See* FED. R. EVID. 701; *Riley v. Univ. of Ala. Health Servs. Found., P.C.*, 990 F. Supp. 2d 1177, 1186 (N.D. Ala. 2014)(a lay witness may only offer an opinion if it is "rationally based on the witness's perception"); *Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000)(striking lay witness testimony under Federal Rule of Evidence 701 because lay witness opinion was formed on speculation). This eliminates the claims that RCL failed to assist Plaintiff or to provide adequate safety and care of the passengers of the cruise ship. *Id* at ¶ 12(p).

It is also undisputed that Plaintiff knew the pool water was allegedly cloudy before even getting in, and then swam in the pool for approximately twenty minutes before his incident. *See* RCL's Facts, DE 13, ¶¶ 4-5. There are no facts in the record to suggest that a warning was necessary. The purpose

---

warning signs, only that they were in a "remote location" but never supported this assertion by any fact and now cannot because his expert has been stricken.

[2] Even if Plaintiff wanted to dispute the adequacy of the warning signs, which Plaintiff claims he did not see anyway, he cannot because his expert has been stricken. Now that the factual evidence has changed, summary judgment is appropriate on the failure to warn theory for this reason as well. *See Rydzewski v. Depuy Orthopaedics*, Inc., 2012 U.S. Dist. LEXIS 187963 (S.D. Fla. 2012)(acknowledging the adequacy of warnings can be a question of law); *see also Felix v. Hoffmann-LaRoche*, Inc., 540 So. 2d 102, 105(Fla.1989); *Hurley v. Lederle Laboratories, Div. of American Cyanamid Co.*, 651 F. Supp. 993 (E.D. Tex. 1986), *rev'd on other grounds*, 851 F.2d 1536 (5th Cir. 1988); *Weinberger v. Bristol-Myers Co.*, 652 F. Supp. 187 (D. Md. 1986); *Wooten v. Johnson & Johnson Products, Inc.*, 635 F. Supp. 799 (N.D. Ill. 1986); *Goodson v. Searle Laboratories*, 471 F. Supp. 546 (D. Conn. 1978); *Brick v. Barnes-Hines Pharmaceutical Co.*, 428 F. Supp. 496 (D. D.C. 1977); *Chambers v. G. D. Searle & Co.*, 441 F. Supp. 377 (D. Md. 1975), *aff'd*, 567 F.2d 269 (4th Cir. 1977); *Johnson v. American Cyanamid Co.*, 239 Kan. 279, 718 P.2d 1318 (1986), *aff'd*, 243 Kan. 291, 758 P.2d 206 (1988); *Kinney v. Hutchinson*, 468 So.2d 714 (La. Ct. App. 1985), *writ denied*, 472 So.2d 35 (La. 1985); *Nolan v. Dillon*, 261 Md. 516, 276 A.2d 36 (1971); *Wolfgruber v. Upjohn Co.*, 72 A.D.2d 59, 423 N.Y.S.2d 95 (1979), *aff'd*, 52 N.Y.2d 768, 417 N.E.2d 1002, 436 N.Y.S.2d 614 (1980).

of a warning is to eliminate the disparity between the defendant's and the plaintiff's knowledge of the dangerous condition. *See Thomas v. Calico Industries, Inc.,* 702 F. Supp 148 (N.D. Ohio 1988). Here, RCL's knowledge and Plaintiff's knowledge were the same and no duty to warn existed.

The same undisputed facts support a finding that no warning was necessary because the cloudiness of the water was open and obvious and was in fact observed by Plaintiff. *See* RCL's Facts, DE 13, ¶¶ 4-5. The fact that the water was cloudy has not been shown by any fact in the record aside from Plaintiff's word, and that is not enough. The only evidence that Plaintiff proffers is the fact that *his* accident occurred: the mere fact that an accident occurred does not give rise to a presumption of a dangerous condition. *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006). *See also, Young v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 10899 (S.D. Fla. 2011)(granting summary judgment on failure to warn claim because of open and obvious nature of danger and because plaintiff undertook the excursion despite knowing the obvious and apparent risks associated therewith). For this reason, Plaintiff cannot prove that RCL failed to prohibit swimming in the pool with cloudy water that obscured the bottom and the sides of the pool thus, misleading swimmers as to the location of the sides of the pool. DE 1, ¶12(f).

Similarly, without any evidence that the pool water was actually cloudy, <u>and without any expert testimony</u>, Plaintiff's allegations that RCL failed to properly clean the pool to ensure water clarity, *id.* at ¶12(a); failed to properly maintain the pool which would permit swimmers to perceive the bottoms and sides of the pool in the swimming area, *id.* at ¶12(e); failed to exercise reasonable care for the safety of its passengers in properly maintaining the pool, *id.* at ¶12(g); failed to use proper chemicals or the proper amount of chemical to maintain the pool for use by its passengers, *id.* at ¶12(i); failed to properly inspect the pool prior to allowing swimmers to swim in the pool, *id.* at ¶12(j); and, failing to properly test and/or repair the pool prior to allowing swimmers to use the pool, *id.* at ¶12(k), <u>are all without any admissible factual support whatsoever</u>. Reconsideration is proper on these ground.

Finally, all of the theories premised on negligent pool design have already been foreclosed by this Court's Order granting RCL's Motion *in Limine* precluding presentation of evidence on a negligent design theory. *See* DE 65, p. 3-4. This Court ruled: "A shipowner or operator cannot be held liable for negligence under a theory of improper design if the plaintiff does not establish that the shipowner or operator was responsible for the alleged improper design. *See Rodgers v. Costa Crociere, S.p.A.*, 410 F. App'x 210, 212 (11th Cir. 2010)." *Id.* Accordingly, paragraphs 12(b), 12(c), 12(d), 12(h) have been eliminated.

There is no evidence to support any of the negligence theories asserted by the Plaintiff in the Complaint. This Court misapprehended RCL's arguments, the facts, and the law its initial ruling. The factual landscape of the case has changed because the opinions of Plaintiff's expert Thomas Ebro have been stricken. This will change the outcome of the RCL's Motion for Summary Judgment. Plaintiff filed a Complaint and then essentially conducted no discovery. It is Plaintiff's burden to come forth with evidence to state a *prima facie* case: he has not done so. To permit Plaintiff to proceed to a jury undermines spirit and object of Rule 56 that real facts must exist to support a claim before it is submitted to a jury. Reconsideration is warranted and summary judgment is proper in order to prevent manifest injustice.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES, LTD. hereby requests the Court enter an Order granting its Motion for Reconsideration and enter an Order granting its Motion for Summary Judgment, together with all other relief deemed just and necessary under the circumstances.

Dated:  December 18, 2014
        Miami, FL

                                        Respectfully submitted,
                                        **FOREMAN FRIEDMAN, P.A.**

                                  By: ***/s/ Darren W. Friedman***
                                        Darren W. Friedman, Esq. (FBN 0146765)

dfriedman@fflegal.com
Marcus G. Mahfood, Esq. (FBN 41495)
mmahfood@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
Counsel for Defendant

### **CERTIFICATE OF SERVICE**

 WE HEREBY CERTIFY that the foregoing was electronically filed via CM/ECF on this 18th day of December, 2014. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

            BY: **/s/   Darren W. Friedman**
              Darren W. Friedman, Esq.

**SERVICE LIST**
CASE NO: 13-CV-20697-COOKE/Turnoff

| | |
|---|---|
| James Robertson, Esq. | Leah H. Martinez, Esq. |
| jrobertson@gaebemullen.com | leahmartinez@rccl.com |
| Gaebe, Mullen, Antonelli & DiMatteo | Royal Caribbean Cruises Ltd. |
| 420 South Dixie Highway, 3rd Floor | 1050 Caribbean Way |
| Coral Gables, FL 33146 | Miami, FL 33132 |
| Tel: 305-667-0223/Fax: 305-284-9844 | Tel: 305-539-6910/Fax: 305-539-8101 |
| Counsel for Plaintiff | Counsel for Defendant |
| | |
| | Darren W. Friedman, Esq. |
| | dfriedman@fflegal.com |
| | Marcus G. Mahfood, Esq. |
| | mmahfood@fflegal.com |
| | Beverly Eisenstadt, Esq. |
| | beisenstadt@fflegal.com |
| | Foreman Friedman, PA |
| | One Biscayne Tower, Suite 2300 |
| | 2 South Biscayne Boulevard |
| | Miami, FL 33131 |
| | Tel: 305-358-6555/Fax: 305-374-9077 |
| | Counsel for Defendant |